UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN 13 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DEAN CURTIS SAWYER,

    Petitioner,

v.

    CIVIL ACTION NO. 2:09cv634
    [ORIGINAL CRIMINAL NO. 2:07cr125]

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on petitioner's, Dean Curtis Sawyer ("Sawyer"), motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 ("Motion"). In response to the court's order to show cause why his motion should not be dismissed as untimely, Sawyer made several additional submissions. The United States responded in opposition to petitioner's Motion and moved to dismiss. The court held an evidentiary hearing on November 10, 2010. For the reasons set forth below, the court **DISMISSES** petitioner's Motion as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2006, a federal grand jury indicted Sawyer on a single count of Conspiracy to Distribute and Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii), for his

participation in a multi-defendant drug trafficking conspiracy. Sawyer received shipments of marijuana via FedEx from Brownsville, Texas, and distributed them in Raleigh, North Carolina.[1]

On September 21, 2007, Sawyer pled guilty to the conspiracy charge. During that hearing, Sawyer acknowledged under oath that, pursuant to his plea agreement, he waived his right to appeal both his conviction and sentence. Sawyer's plea agreement was filed with the court. It stipulated that Sawyer waived his right to appeal his conviction and sentence within the statutory maximum. Plea Agreement ¶ 5.

The court adjudged Sawyer guilty of the charge on October 10, 2010. On January 22, 2008, the court sentenced Sawyer to 108 months imprisonment followed by five years of supervised release. Sawyer did not appeal his conviction, and it became a final judgment as of the day it was filed, January 24, 2008.

Sawyer filed the present pro se petition for post-conviction relief on December 31, 2009, almost two years after his judgment of conviction. In his Motion, Sawyer asserts three grounds for relief: (1) newly discovered evidence that he was factually innocent of the charge to which he pled guilty; (2) ineffective assistance of counsel

---

[1] These facts are taken from the Statement of Facts signed by Sawyer and appended to his plea agreement, both of which were reviewed, verified, and filed in open court during the plea colloquy with the defendant under oath.

2

by counsel's failure to investigate and explain the charges; and (3) ineffective assistance of counsel at sentencing. The court issued a show cause order on March 3, 2010, requiring that petitioner demonstrate that his claims were timely filed. Sawyer responded on March 29, 2010, arguing that the one-year limitations period for the filing of the Motion should be tolled because he was misled by his attorney into believing that an appeal was pending.

On April 8, 2010, the court issued an order finding that Sawyer's response was inadequate because he did not submit his factual allegations under oath. Additionally, the court noted that the supporting evidence Sawyer submitted to prove that he contacted his attorney all dated from after the limitations period had already run. Sawyer responded by submitting two affidavits, one on April 26, 2010, and the other on June 1, 2010. In each affidavit Sawyer asserted his attempts to contact his attorney concerning the appeal he wished to have filed, which, according to Sawyer, his attorney had promised to file after the sentencing. However, all of the contacts Sawyer alleges in his affidavits occurred after January 24, 2009, the date on which the limitations period expired. The United States responded on June 14, 2010, and moved to dismiss Sawyer's motion as untimely. Sawyer replied to the United States' response on July 30, 2010.

On September 17, 2010, this court ordered that an evidentiary

3

hearing be held on Sawyer's motion on the limited issue of "whether Sawyer requested his attorney to file an appeal, and, if so, when petitioner made the request to his attorney." See Docket Entry # 184. On October 4, 2010, counsel was appointed to represent Sawyer at the hearing. The evidentiary hearing was held on November 10, 2010. Based on the testimony at the hearing and the arguments of the petitioner, the court ordered the United States Attorney to inquire as to the existence of mail log records at FCI Estill during the period in which Sawyer claims he mailed two letters concerning his appeal to William L. Taliaferro, Jr. ("Taliaferro"), his attorney. The United States Attorney was to report on its findings within fourteen days of the hearing.[2] Further, the court gave both parties fourteen days in which to submit additional evidence to the court.

On November 11, 2010, Sawyer filed two motions for early return of subpoena duces tecum material. The United States responded in opposition on November 16, 2010, and Sawyer replied on November 17, 2010. In an order on November 23, 2010, the court issued modified subpoenas to Taliaferro and Western Tidewater Regional Jail with a return date of December 3, 2010. Additionally, the court gave the parties until December 10, 2010, to file any

---

[2] The United States did so on November 22, 2010, filing the relevant mail logs with the court. See infra note 7.

further submissions that they wished to have considered by the court. Neither party made any further filing, and Sawyer's motion is ripe for consideration by the court.

**II. DISCUSSION**

Before 1996, no time limitation existed as to when a petitioner could file a motion under Section 2255. Lonchar v. Thomas, 517 U.S. 314, 326-28 (1996); United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000). However, the Anti-Terrorism and Effective Death Penalty Act imposed a one-year statute of limitations on all such petitions. 28 U.S.C. § 2255(f) (2006). Per that statute, the limitations period begins to run on the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United states is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which <u>the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence</u>.

Id. (emphasis added). "If a prisoner cannot fit his petition into the time frame specified by one of these four categories, it must

be dismissed as untimely." United States v. Gadsen, 332 F.3d 224, 226 (4th Cir. 2003).[3]

## A. Equitable Tolling of the Limitations Period

The limitations period for Sawyer's Motion expired on January 24, 2010, one year after his judgment of conviction became final. United States v. Sanders, 247 F.3d 139, 142 (4th 2001) (holding that if a defendant declines to pursue appellate review, his conviction becomes final on the date when the judgment of conviction was entered). As Sawyer filed his Motion on December 31, 2009, it is clear that, absent any tolling of the limitations period, the Motion is untimely and must be dismissed.

---

[3] At the outset, the court notes that the grounds Sawyer asserts in his Motion do not in and of themselves meet any of the statutory criteria which would cause the statute of limitations to begin running at any time other than when his conviction became final. In particular, Sawyer's asserts that he is factually innocent because he was wrongfully attributed with some of the drug weight because Brian Carver, one of Sawyer's visitors in jail, revealed that he had actually picked up some of the FedEx boxes of marijuana with which Sawyer was attributed. See Section 2255 Mot., Aff. Dean Curtis Sawyer ¶¶ 2-5, Dec. 31, 2009. However, the law is clear that a member of a conspiracy may be attributed with all reasonably foreseeable actions of his coconspirators. Pinkerton v. United States, 328 U.S. 640, 647 (1946); United States v. Irvin, 2 F.3d 72, 77 (4th Cir. 1993). Moreover, the filed, signed, and verified Statement of Facts supporting Sawyer's guilty plea and his admissions under oath during the plea colloquy contradict this information. Further, Sawyer knew what drugs he received or did not receive at the time of sentencing, so this is not "newly discovered evidence," nor does it meet any "due diligence" standard. Thus, not only does Sawyer's claim not have any effect on the statute of limitations, it also would not be a ground for relief under Section 2255.

The limitations period may be tolled "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citation omitted)). Thus, to demonstrate that tolling is proper, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. (citation and internal quotation marks omitted). Importantly, extraordinary circumstances must be more than the petitioner's ignorance of the statute of limitations or misinterpretation of the operation of the statute. Id. (citation omitted). The Supreme Court recently held in Holland v. Florida, __ U.S. __, 130 S. Ct. 2549 (2010), that ineffective assistance of counsel may be sufficient to show the "extraordinary circumstances" required to toll the statute. Id. at 2564. Therefore, the issue for the court is whether Sawyer has adequately demonstrated such extraordinary circumstances required to toll the limitations period and render his Motion timely. The circumstances upon which he relies is his claim that he timely requested Taliaferro to file an appeal, Taliaferro failed to do so, and Sawyer did not learn of this failure until October 2009.

## B. Tolling is not Proper in this Case

Sawyer argues that the limitations period should be tolled until October 2009, when he learned that no appeal was pending in his case.[4] Sawyer maintains that after his sentencing he asked his attorney, William Taliaferro, to file an appeal and Taliaferro said he would. Furthermore, he states that his sister spoke with Taliaferro's secretary in February 2009, and Taliaferro's secretary said that an appeal was pending in Sawyer's case. Taliaferro directly contradicts Sawyer's assertions, stating that Sawyer never asked him for an appeal nor did Sawyer's sister speak with his secretary, and, in any event, he could not appeal the case as the plea agreement stipulated a waiver of appeal rights.[5]

The court ordered an evidentiary hearing so that it could determine this factual issue, which determination is ultimately based on the credibility of the witnesses. At the hearing held on November 10, 2010, Sawyer, Sawyer's sister, and Taliaferro testified. Sawyer testified to his understanding at sentencing that Taliaferro would appeal his sentence and to his attempts to contact Taliaferro a year later.[6] His sister testified that she called

---

[4] Pet'r's Supplementary Mot., Aff. Dean Curtis Sawyer ¶ 5, June 1, 2010.

[5] Government's Resp., Aff. William Taliaferro ¶¶ 3-4.

[6] Sawyer's appointed counsel tried to develop further facts

Taliaferro on Sawyer's behalf in February 2009, and she spoke with Taliaferro's secretary who told her it was too soon to know about Sawyer's appeal. Finally, Taliaferro testified that he never received any communications at all from Sawyer concerning an appeal. He did receive several letters from him after sentencing, but all those letters related to the Rule 35 reduction of sentence motion that Sawyer hoped the government would file. Additionally, Taliaferro said that there was no record that Sawyer's sister had ever called his office and spoken with his secretary.

In the course of a Section 2255 Motion, the court must make findings of fact relevant to the issues raised therein. See 28 U.S.C. § 2255. In this case, the basis of Sawyer's contention that the statute of limitations should be tolled is ineffective assistance of counsel for failure to file an appeal; Sawyer bears the burden of demonstrating by a preponderance of the evidence that he instructed his counsel to file an appeal and counsel failed to do so. See, e.g., Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If Sawyer sufficiently demonstrates these facts, failure to file an appeal when requested is per se ineffective assistance.

---

concerning the voluntariness of Sawyer's plea, what objections he wished to make to the presentence report, and the fees paid to Taliaferro, none of which is relevant to the question before this court: whether Sawyer timely requested Taliaferro to appeal his case after sentencing. Thus, the court does not discuss these extraneous facts in depth.

United States v. Poindexter, 492 F.3d 263, 268, 273 (4th Cir. 2007). Such ineffective assistance would meet the Supreme Court's standard as discussed in Holland. See 130 S. Ct. at 2564.

Sawyer does not meet his burden. Beyond his self-serving assurances to the court that he told Taliaferro that he wished to appeal his case after sentencing, the court is in receipt of absolutely no evidence which tends to demonstrate that Sawyer requested Taliaferro to file an appeal. At the evidentiary hearing, Sawyer introduced copies of the two letters he claims he sent Taliaferro inquiring about the status of his appeal. However, there was no indication that the letters were ever been mailed, or, if so, when they were actually mailed.[7] Furthermore, any evidence given by Sawyer's sister, as confirmed by her mobile phone bill, reflected calls which she made to Taliaferro's office after the statute of limitations had already run. Overall, there is no evidence which would lead the court to give credibility to Sawyer's statements that after sentencing he told Taliaferro to file an appeal. Indeed, it appears to the court that rather than pursue an appeal, the evidence is that Sawyer was concerned with the government filing a Rule 35

---

[7] Per the court's request, the government obtained the mail log from FCI Estill, which did not reflect any mailings from Sawyer to Taliaferro during the relevant time period. The mail log is maintained in the ordinary course of business for all registered, certified or insured mail, though not for all legal mail in general. See Docket # 194.

motion for a reduction of sentence. The letter from Taliaferro introduced by Sawyer at the hearing reflected just this, Pet'r's Ex. 8, as did the letter from Sawyer to Taliaferro submitted by Taliaferro in response to Sawyer's post-hearing subpoena duces tecum, Resp. to Subpoena of Nov. 24, 2010, Attach. 1, ECF # 199 (letter from Sawyer to Taliaferro after his sentencing referencing Sawyer's hopes that his cooperation with the United States would result in an earlier release). Thus, Sawyer's claim for equitable tolling must fail because he has not shown any ineffective assistance of counsel that warrants such tolling. In so ruling, the court finds Sawyer's testimony not credible and Taliaferro's testimony credible. Taliaferro testified that he had no further contact with Sawyer after sentencing, beyond several letters that Sawyer sent him inquiring as to whether he would receive a Rule 35 motion from the government. This testimony is also supported by the record evidence of the correspondence between Sawyer and Taliaferro. In sum, the court finds as a fact that at no timely point after sentencing, or even during the one-year § 2255 limitations period, did Sawyer request Taliaferro to file an appeal.

Further, Sawyer cannot demonstrate extraordinary circumstances because he could have easily determined whether an appeal was pending. In other words, Sawyer cannot meet the requirement that the newly uncovered facts could not have been discovered "through the

exercise of due diligence" before the time the petitioner learned of them. 28 U.S.C. § 2255(f)(4). To the contrary, it would have been simple for Sawyer to contact this court or the court of appeals to determine whether an appeal had been noticed and filed. See, e.g., Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (holding that the petitioner had not established extraordinary circumstances when the fact that his conviction had not been appealed was easily discoverable through the use of public sources) (citing Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003)).[8]

Therefore, Sawyer has failed to demonstrate, as is his burden, that the limitations period should be tolled, and thus his Motion remains untimely. The court need not address the substantive allegations of his petition, as they have been defaulted.

### III. CONCLUSION

For the foregoing reasons, the court **DISMISSES** Sawyer's Motion because he has failed to demonstrate that it was timely filed within the one-year limitations period or that the one-year time period should be tolled. Additionally, the court declines to issue a certificate of appealability for the reasons set forth above.

---

[8] Even without access to the online docketing system, Sawyer could have easily contacted one of the clerks' offices, by telephone or letter, as indeed he did through one of his family members in October 2009. Pet'r's Supplementary Mot., Aff. Dean Curtis Sawyer ¶ 5, June 1, 2010.

The petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of this Memorandum Opinion and Final Order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to petitioner; to William L. Taliaferro, Jr.; to Jennifer Tope Stanton; and to the Assistant United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 13, 2011